Porter, J.
delivered the opinion of the court. The plaintiffs state, that they are heirs of the late Louis Gabriel Buard, and that no partition has ever taken place of his estate; that one of the co-heirs, Onezime Buard, received in his life-time, in advancement of his portion of his father's estate, one half of a plantation sold by him to J. J. Lambre for $6000, and that he ought to collate $3000 with the other heirs.
The defendants pleaded, among other things, that no part of the patrimony of the co-heirs was ever taken to increase the patrimony of Onezime.
The deed from John Louis Buard, the ancestor, to his son Onezime Buard, is dated on the 26th September, 1817 ; is in the usual *422 form, and expresses to be made for the sum of $800, payable in two years.

West'n District.

Sept. 1822.
The statement of facts establishes, that the father in his life-time made an equal distribution of his property among his children ; that one of them died without issue, and that he inherited from him the plantation which forms the subject of this action.
It is also admitted, that two of his heirs do not join in the suit; that the estate of Onezime Buard is insolvent; that he never paid in his life-time the $800, which are stated in the act of sale already mentioned; and that he sold in 1820 the tract of land acquired from his father, together with a portion of his own, containing the same quantity, both forming one plantation, for the sum of $6000.
The Civil Code has provided, that “ when a father has sold a thing to his son, at a very low price, the advantage thus conferred is subject to collation.” Civil Code, 194-205.
One of the first questions which the cause presents is of fact: Was the property sold at a low price? Judging as we must do, from what appears on record, we cannot say that it was. There is no evidence to show its value, at the time of the first sale. Consequently, we have *423 no means of judging that it was disposed of for less than what it was worth. The price obtained for it two years and four months after, by the vendee, has been pressed on us as evidence of the father having sold it much below its value; but the fluctuation is, in the price of property, too great and frequent in this country, to enable us to draw so positive an inference from a fact, which, in relation to this point, is entirely equivocal.
The opinion just expressed renders it unnecessary to examine the other questions, raised in the cause. Unless the sale is set aside, and proved to have been collusive and feigned, the heir cannot call on the defendant to collate its value. They have only a right to recover the money which formed the consideration of it.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that the plaintiffs do severally recover the sum of one hundred and sixty dollars, with legal interest from judicial demand, and costs in both courts. The said sum to be paid as a special *424 privilege, out of the proceeds of the land sold to J. J. Lambre.
Bullard for the plaintiffs, Thomas for the defendants.